**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CLARENCE YATES,** | : | |
| Plaintiff | : | |
| v. | : | CIVIL NO. 3:CV-15-0756 |
| **SECRETARY JOHN WETZEL,** *et al.*, | : | (Judge Caputo) |
| Defendants | : | |

**M E M O R A N D U M**

**I.   Introduction**

On April 2, 2015, Clarence Yates, an inmate at the Dallas State Correctional Institution, in Dallas, Pennsylvania, filed this *pro se* civil rights action against the Secretary John Wetzel, Lea Martin and Dr. Stanish alleging they are withholding medically necessary medication and treatment from him. (Doc. 1, Compl.) Mr. Yates has paid the filing fee in this matter.

Presently before the court is Mr. Yates' request for appointment of counsel based on his indigent status and lack of legal training. (Doc. 20).

**II.   Discussion**

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, *Parham v. Johnson*, 126 F.3d 454, 456 - 57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing

*Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)); *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith–Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499. Without passing judgment as to the ultimate merits of Mr. Yates' claims, for the sole purpose of this motion, the court will assume that the case has arguable merit in law and the facts. Upon successfully clearing this hurdle, the court must examine the following additional factors: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155 - 57).

In support of his motion for counsel, Mr. Yates makes the following statement:

> I am requesting an appointment of a Counselor, because I am a layman in the law and I do need counsel to help me perfect my lawsuit. A court may appoint counsel for a limited purpose and not for the whole case, but it could also involve a difficult issue of the constitutionality of a statute. (sic)

(Doc. 20, Appointment of Counselor.) Based on the above, Mr. Yates fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. *Tabron*, 6 F.3d at 155 - 56. The pleadings submitted by Mr. Yates so far are clearly written and the legal issues presented are not complex. To the extent that Mr. Yates' request for counsel is based on the fact of his incarceration or lack of legal training, these facts do not warrant the appointment of counsel given this court's liberal construction of *pro se* pleadings. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). There is no evidence, at this early point in the litigation, that any prejudice will befall Mr. Yates in the absence of court appointed counsel. Consequently, at this time Mr. Yates' request for counsel will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion.

An appropriate Order follows.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: September 3, 2015**