# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLARENCE YATES,** | : | |
| Plaintiff | : | |
| | : | **CIVIL ACTION NO. 3:CV-15-0756** |
| v. | : | |
| | : | (Judge Caputo) |
| **SECRETARY JOHN WETZEL,** *et al.,* | : | |
| Defendants | : | |

# M E M O R A N D U M

## I.  Introduction

Presently before this Court is *pro se* Plaintiff Clarence Yates' Motion for Reconsideration.  (ECF No. 63.)  Mr. Yates requests reconsideration of this Court's August 8, 2017 decision dismissing his complaint due to his failure to exhaust his administrative remedies.  (ECF Nos. 58 - 59.)

Because Mr. Yates fails to satisfy the standard for reconsideration, his motion will be denied.

## II.  Standard of Review

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  *See Harsco Corp v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  A motion for reconsideration may be granted if the movant establishes:  (1)there has been an intervening change in controlling law;

(2) new evidence has become available since the court decided the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Schumann v. Astrazeneca Pharm., L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration may not be used to relitigate issues or present arguments that could have been raised earlier, but were not. *Blystone v. Horn*, 664 F.3d 397, 416 (3d Cir. 2011) (citing *Howard Hess Dental Lab., Inc. v. Dentasply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)).

### III.  Background

Mr. Yates initiated this action against the following individuals: John Wetzel, Secretary of the Pennsylvania Department of Corrections (DOC); Lea Martin, Grievance Officer at the Dallas State Correctional Institution (SCI-Dallas); and Dr. Stan Stanish, Medical Director at SCI-Dallas.[1] In his Complaint, Mr. Yates claims that since January 2015, while housed at SCI-Dallas, Defendants were deliberately indifferent to his serious medical needs by refusing him adequate pain management and treatment for his arm and left side ailments. (ECF No. 1, Compl.)

Both set of Defendants filed motion to dismiss Mr. Yates' Complaint due to his failure to properly exhaust his administrative remedies as required by the Prisoner Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. (ECF Nos. 16 and 32.) While noting that Mr. Yates and his very supportive family wrote letters to various people

---

[1] Secretary Wetzel and Lea Martin are DOC employees. Dr. Stanish is a contract medical care provider and not a DOC employee. The DOC Defendants and Dr. Stanish were represented by separate counsel in this matter.

2

concerning his medical care, Mr. Yates failed to properly exhaust his claim by way of the DOC's grievance policy prior to filing this action. (ECF No. 58.) As a prisoner cannot exhaust claims pending in court and then seek to cure non-compliance with § 1997(e)(a) by filing an amended complaint, *see Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002), the Court dismissed the action without leave to amend. (ECF No. 59.)

Mr. Yates now seeks reconsideration of the Court's order dismissing his case due to his failure to exhaust his available administrative remedies. (ECF No. 63.)

## IV.     Discussion

Mr. Yates argues in his motion for reconsideration that both he and his family wrote to various prison officials at SCI-Dallas as well as other individuals within the DOC. (*Id*.) He adds that he continues to suffer from his shoulder pain but cannot undergo further surgery due to his heart condition. While Mr. Yates states he "wrote to grievance at Dallas Ms. Lucas, then sent grievance at Camp Hill when I got it back from Dallas, and have all receipts that sent out, and also wrote to Sectary Wetzel and talk to him on the Veteran Block," he does not provide any evidence or documentation of his proper exhaustion of his medical claims prior to filing his federal lawsuit. Rather, he restates the arguments presented in his opposition to the Defendants' motions to dismiss. Unfortunately, as fully set forth in the Court's August 8, 2017, Memorandum, prisoners are required to exhaust their conditions of confinement claims through the channels set forth in the DOC's grievance policy. *See Woodford v. Ngo*, 548 U.S. 81, 89, 126 S.Ct. 2378, 2385, 165 L.Ed.2d 368

(2006); see also  *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004).  Mr. Yates did not do so.

Mr. Yates fails to demonstrate a change of law, new evidence, or a need to correct clear error of law that indicates the Court's previous order dismissing his Complaint due to his failure to properly exhaust his administrative remedies prior to filing his federal lawsuit merits reconsideration.  The Court's dismissal is without prejudice to Mr. Yates re-asserting his Eighth Amendment medical claims in a new lawsuit once he properly utilizes the DOC's three-step grievance process.

**V.      Conclusion**

Based on the above, Mr. Yates' motion for reconsideration (ECF No. 63) will be denied.

An appropriate order will follow.

**Date:  March 8, 2018**              /s/ A. Richard Caputo
                                             **A. RICHARD CAPUTO**
                                             **United States District Judge**

4